IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA KELTNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-03313-CV-S-ODS ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for supplemental security income. For the following reasons, the Commissioner's decision is reversed, and the case is remanded for further proceedings.

When determining whether a claimant is disabled, the Administrative Law Judge ("ALJ") employs a five-step process. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). At step two, which is relevant to the Court's decision, the ALJ evaluates whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities. R. at 30; *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003). As stated in the ALJ's decision, "[a]n impairment is 'severe' within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities." R. at 30. "An impairment...is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." *Id.* (citations omitted).

Plaintiff argues this matter should be reversed and remanded because the ALJ failed to properly consider her vision impairment, and failed to find her vision impairment was severe. When applying for supplemental security income in October 2015, Plaintiff alleged disability due to heart failure and kidney failure. R. at 192. After her application

was denied in April 2016, she requested a hearing before an ALJ.  Before the hearing was held, Plaintiff began experience difficulties with her vision.  *See* R. at 601, 692, 713, 738, 1341-1489.  In December 2016, Plaintiff was diagnosed with a detached retina in her right eye, and after surgery to repair the condition, her vision remained limited.  In June 2017, Plaintiff's visual field was full in her left eye but non-existent in her right eye.

At the hearing before the ALJ in September 2017, Plaintiff's counsel identified vision problems as one of Plaintiff's severe impairments.  R. at 51.  Plaintiff testified her right eye vision was limited to "just motion and light."  R. at 57.  She could not read small print but could read a sign that was approximately twelve to fifteen feet away.  R. at 58.  Because of her vision, Plaintiff cannot drive, has difficulties looking at her smartphone, she frequently runs into things, and lengthy use of her eyes causes eye strain.  R. at 59, 73-74.

During the hearing, the ALJ posed questions to a vocational expert ("VE") about a hypothetical individual's ability to work, assuming the hypothetical individual was of similar age, education, and experience as Plaintiff, and had certain physical limitations identified by the ALJ.  R. at 76-80.  The ALJ did not identify any vision limitations.  *Id.*  The VE testified the hypothetical person could perform work as a cafeteria attendant or cashier.  R. at 76-77.  Plaintiff's counsel asked the VE about a hypothetical person who could not see out of her right eye, and with her left eye, can maintain focus for an hour but would need to take a ten to fifteen minute break for each hour of close focusing, and had limited depth perception making it difficult for her to see an object on the floor.  R. at 80-81.  The VE stated neither position she identified required depth perception, but the cashier position required frequent near acuity, and the cafeteria attendant required occasional near acuity.  R. at 81.  The VE also further testified, "if the person is unable to avoid hazards in the workplace that could be definitely something that could cause problems with maintaining employment."  R. at 81.

At the conclusion of the hearing, Plaintiff's counsel asked the ALJ for a consultative examination of Plaintiff's vision.  R. at 81.  The ALJ noted a June 2016 medical record provided Plaintiff's visual acuity.  *Id.*  Plaintiff's counsel explained Plaintiff's vision problems did not begin until July 2016 and became much worse in December 2016.  *Id.*  In response, the ALJ stated a visual examination was "probably

2

warranted" because Plaintiff had "a pretty significant retinal detachment surgery" that did not completely resolve the issue. R. at 82. The ALJ also suggested Plaintiff obtain a statement from her eye surgeon. *Id.* Plaintiff's counsel represented a statement had been requested but the surgeon had not provided it yet. *Id.* The ALJ then stated he would "look at the record again and see if I think [a consultative examination is] warranted." *Id.*

In his decision finding Plaintiff was not disabled, the ALJ concluded "claimant's various eye problems, including vision loss, conjunctivitis, and retinal detachment, are non-severe." R. at 31. He noted Plaintiff's retinal detachment was an acute issue requiring surgical correction, and stated she experienced "significant deficits to her right eye's visual acuity" following surgery. R. at 31-32. Nevertheless, the ALJ found Plaintiff's "various eye conditions" were not severe because her "left eye and combined visual acuity remained normal," "she later denied eye problems and demonstrated normal optical findings," and her eye conditions "caused only minimal problems and did not impede" her ability to work. R. at 32.

The Court finds the ALJ's findings with regard to Plaintiff's vision conditions – particularly his finding that these conditions cause only "minimal problems" – are not supported by the record. Accordingly, the ALJ's decision is reversed. Because the record is not fully developed as to the vocational limitations related to Plaintiff's vision impairments, a consultative examination is necessary. Upon remand, Plaintiff shall undergo a vision consultative examination, and the ALJ shall develop the record regarding how Plaintiff's visual impairments impact her ability to work.

IT IS SO ORDERED.

DATE: June 28, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT